**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50399**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: July 31, 2024** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| MARK ANTHONY SAMPERI, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction for possession of fentanyl with intent to deliver, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark. W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Mark Anthony Samperi appeals from the judgment of conviction entered upon his conditional guilty plea to possession of fentanyl with intent to deliver. Mindful of the deference given to a trial court's credibility determinations, Samperi alleges the district court erred by denying his motion to suppress evidence obtained through an unlawful search. Because the district court found the arresting officer's testimony credible, Samperi has failed to show the district court erred; thus, the judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The district court made the following factual findings:

While on patrol, Officers Burch and Strodtbeck observed a Chevrolet Lumina parked and idling with its lights on in a parking lot. Officer Burch ran a check on the license plate, which

indicated the vehicle's registration was suspended or expired. The vehicle then pulled onto the street, where the officers conducted a traffic stop, which was recorded by the officers' body cameras. Officer Burch spoke with the driver, Samperi, who indicated he had a waiver for the expired car registration. For the next approximately two and a half minutes, Samperi used his cell phone to look up his insurance information and search for information about the registration waiver. While Samperi was retrieving the information, Officer Burch engaged Samperi and his passenger, Taylor Dobson, in conversation about their plans for the night. Dobson indicated she had just gotten off work and Samperi was taking her home. Officer Burch asked if there were any weapons in the car, and Samperi indicated there was a knife in the backseat. Officer Burch asked if either Samperi or Dobson were on probation or parole, and Samperi answered he was on parole for possession. Officer Burch nodded at Officer Strodtbeck to call for a drug-sniffing canine. At the time Officer Burch nodded to Officer Strodtbeck, Samperi was still trying to locate information on his cell phone. Samperi found his insurance information but was unable to locate information regarding the waiver for the registration. Samperi told Officer Burch the suspended registration was because of a failed emissions test. Officer Burch collected Samperi's driver's license and Dobson's state identification card. Officer Burch asked Samperi and Dobson to stay with Officer Strodtbeck, and Officer Burch returned to his patrol vehicle approximately four minutes into the traffic stop.

Once Officer Burch returned to his patrol vehicle, he removed his body camera, turned off the audio, and set it on his dashboard facing Samperi's stopped vehicle. Officer Burch testified he placed his camera to function as a dashboard camera because there had been cases in the past where assist or canine officers had not turned on the body cameras and it impacted the investigation. Officer Burch further testified he turned off the audio because "every officer does it." Officer Burch testified that until the drug dog alerted, he was checking records and writing the citation, while occasionally glancing up to make safety checks.

Officer Burch testified it typically takes approximately fifteen minutes to complete the process of writing a citation for a suspended registration. He did not recall how long it took to get a response from dispatch for a records check or whether he was placed in a queue while waiting for a response. He testified he had the information necessary to complete the required fields on the citation form but needed to check a few things in the database to get records. He stated he had not fully completed the citation form when the canine alerted on the driver's side door of the

2

vehicle approximately sixteen minutes after the traffic stop began and after approximately twelve minutes and thirty-five seconds after Officer Burch returned to his patrol car to check Samperi's license and registration. Officer Burch then conducted a search of the vehicle, finding methamphetamine, fentanyl, and paraphernalia.

Samperi was charged with two counts of possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a), and one count of possession of drug paraphernalia, I.C. § 37-2734A. Samperi filed a motion to suppress the evidence found during the search of the car alleging Officer Burch illegally extended the length and scope of the investigation in violation of Samperi's Fourth Amendment rights.[1] The State objected to the motion, arguing the officer remained diligent in the purpose of the stop and did not unlawfully extend the duration, and nothing factually supported Samperi's assertions that the drug dog's alert was unreliable.

The district court denied the motion to suppress finding the traffic stop was not unreasonably extended as the drug-dog sniff occurred during the stop while Officer Burch was completing the forms for the citation and not after the stop was complete. Samperi entered into a plea agreement wherein he agreed to enter a conditional *Alford*[2] plea to one count of possession of a controlled substance with intent to deliver in exchange for the dismissal of the other two counts. Samperi conditioned his plea on the right to appeal the denial of his motion to suppress. He timely appeals.

## II.
## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d

---

[1] Samperi also challenged the drug dog's reliability, but he does not pursue that issue on appeal.

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

659, 662 (Ct. App. 1999). This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

## III.

## ANALYSIS

Mindful of the district court's determination that Officer Burch's testimony was credible, Samperi contends the district court erred in its denial of his motion to suppress because Officer Burch extended the traffic stop in violation of his Fourth Amendment rights. The State contends Samperi's arguments are precluded because his conclusory assertions are contrary to Officer Burch's testimony which the court deemed credible.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. When a motorist is pulled over for a traffic violation, a seizure occurs, and the motorist is entitled to the protection of the Fourth Amendment. *State v. Karst*, 170 Idaho 219, 223, 509 P.3d 1148, 1152 (2022). A traffic-related seizure violates the Fourth Amendment if it is prolonged beyond the time reasonably required to complete the mission of issuing a ticket. *Rodriguez v. United States*, 575 U.S. 348, 350-51 (2015).

The district court acknowledged the issue centered on the credibility of Officer Burch. The district court found: (1) Officer Burch testified consistently and unequivocally that he did not deviate from the purpose of the traffic stop; (2) twelve and one-half minutes was within the fifteen minutes Officer Burch testified it takes him to write a citation;( 3) there was no objective evidence presented that Officer Burch deviated from the traffic stop; and (4) there was no significant discrepancy between Officer Burch's testimony at the preliminary hearing and at the motion to suppress hearing.

On appeal, Samperi argues, as he did in the district court, that Officer Burch intentionally delayed completing the citation and/or abandoned his purpose in order to facilitate the dog sniff, which unreasonably prolonged the stop. The district court rejected these arguments based on a review of the testimony and video evidence and then found Officer Burch's testimony to be credible. Samperi does not challenge the factual findings but instead asks this Court to reweigh the credibility of Officer Burch, which we decline to do.

4

## IV.

## CONCLUSION

The district court did not err in denying Samperi's motion to suppress.  Accordingly, the judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.